IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

LAZARO QUINONES-CEDENO,

    Plaintiff,

v.                                                    CIVIL ACTION NO. 1:19-00064

BARBARA RICKARD, WARDEN, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Findings and Recommendation ("PF&R") on June 26, 2019, in which he recommended that the court deny plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 19), deny plaintiff's letter-form Motion for Preliminary Injunction, (ECF No. 5), dismiss plaintiff's Amended Complaint, (ECF No. 33), and remove this case from the court's active docket.  (See ECF No. 35.)

In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Aboulhosn's PF&R.  The failure of any party to file such objections within

the time allowed constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Initially, the court ruled that plaintiff did not timely file objections, and thus adopted the findings and recommendations of the PF&R in its orders on September 25, 2019. (ECF Nos. 51-52.) However, plaintiff filed a Rule 59(e) motion for this court to alter or amend its judgment because he stated he never received the PF&R and thus could not make objections to it. (ECF No. 56). Plaintiff also submitted a sworn affidavit in support of his Rule 59(e) motion. (ECF No. 57.) The court granted plaintiff's Rule 59(e) motion on January 17, 2020, vacated its earlier orders adopting the PF&R, and extended the deadline for plaintiff to file any and all objections to the PF&R to February 17, 2020. (See ECF No. 64.) Plaintiff then filed his objections to the PF&R on February 18, 2020. (ECF No. 68.) In the interests of justice, the court will consider these objections as being timely filed.

I. **Standard of Review of *Pro Se* Objections**

Pursuant to Fed. R. Civ. P. 72(b), the court must "make a *de novo* determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." However, the court is not required to review, under a *de novo* or any other standard, the factual or

legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Furthermore, *de novo* review is not required and unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to *de novo* review.").

"A document filed *pro se* is 'to be liberally construed.' " Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Specifically as to objections to a PF&R, courts are "under an obligation to read a *pro se* litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48). However, objections that are "unresponsive to the reasoning

contained in the PF&R" are irrelevant and must be overruled. Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).

## II. Analysis

Liberally construing plaintiff's motion titled "Objection to PF&R Memorandum," the court finds that plaintiff makes no specific objections to the PF&R. (See ECF No. 68.) Instead, plaintiff argues that the initial failure of giving him the PF&R and his legal mail prevented him from filing objections, and denied him due process. Yet the court has already addressed and rectified this issue, and more importantly, it contains no objections that are responsive to the PF&R. Plaintiff also alleges that a nurse failed to provide him with appropriate medical care in January, 2020, in violation of the Eighth Amendment. Again, this is not an objection to the reasoning contained in the PF&R.

Plaintiff's objections are unresponsive to the PF&R and are irrelevant, and therefore must be **OVERRULED**. See Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).

## III. Conclusion

Accordingly, the court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn as follows:

4

1. Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 19), is **DENIED**;

2. Plaintiff's letter-form Motion for Preliminary Injunction, (ECF No. 5), is **DENIED**;

3. Plaintiff's Amended Complaint, (ECF Nos. 33, 33-1), is **DISMISSED**; and

4. The Clerk is directed to remove this case from the court's active docket.

Additionally, the court rules that plaintiff's second motion to alter or amend a judgment pursuant to Rule 59(e), (ECF No. 65), is **DENIED as moot** because the court had already granted plaintiff's first Rule 59(e) motion.  Plaintiff's Motion to Proceed Without Prepayment of Fees and Costs, (ECF No. 66), is **DENIED** because the court has, in this Order, denied plaintiff's first motion to proceed without prepayment of fees and costs. The court finds no grounds in the second motion to overturn this ruling.  And plaintiff's motion for his medical record to be filed as an addendum in this case, (ECF No. 67), is **DENIED as moot,** as this case is dismissed pursuant to this order.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to all counsel of record and to any unrepresented parties.

**IT IS SO ORDERED** this 8th day of June, 2020.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge